UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER DARYL CHILIMIDOS, Plaintiff, v. CITY OF WALNUT CREEK, et al., Defendants. | Case No. 26-cv-04558-JSC **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND REMANDING CASE** Re: Dkt. Nos. 4, 6, 18 |

Plaintiff Christopher Daryl Chilimidos, a California resident and attorney, brings claims under 42 U.S.C. § 1983 and California state law against the City of Walnut Creek and City police officers for making errors in a state-mandated traffic collision report.  (Dkt. No. 1-2.)[1]  Pending before the Court are Defendants' motion to dismiss Plaintiff's complaint and Plaintiff's motion for leave to file an amended complaint and to remand the case to state court.  (Dkt. Nos. 4, 6.)  After carefully considering the arguments and briefing submitted, the Court concludes oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b) and VACATES the July 10, 2026 hearing.[2]  For the reasons set forth below, the Court GRANTS Plaintiff's motion for leave to file an amended complaint, in which he agreed his federal claims should be dismissed.  Further, given only Plaintiff's state-law claims remain, the Court does not have subject matter jurisdiction over the case and GRANTS Plaintiff's motion to remand.  The Court therefore remands the case to the Superior Court of Contra Costa County.

**BACKGROUND**

Plaintiff initially filed suit in state court, alleging Defendants had a "mandatory duty under

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.
[2] The Court therefore denies Plaintiff's request to continue the hearing on his motion (Dkt. No. 18) as moot.

California Government Code §§ 815.6, 820.25(b)" and the California Vehicle Code "to accurately complete traffic accident report(s)" and Defendants "fail[ed] to perform" this duty when preparing a report regarding a traffic collision which injured Plaintiff. (Dkt. No. 1-2 ¶¶ 1, 10, 37-57.) Plaintiff brought five claims, each requesting declaratory relief:

> (1) "Failure to discharge mandatory duty" under California Government Code §§ 815.6 and 820.25(b),
>
> (2) "Fraud – Negligent Representation" under California Civil Code § 1710,
>
> (3) "Municipal Liability – Ratification of Deliberate Indifference" under 42 U.S.C. § 1983,
>
> (4) "Municipal Liability – Failure/Inadequate Training" under 42 U.S.C. § 1983, and
>
> (5) Common law negligence.

(*Id.* ¶¶ 60-101.) Defendants removed the case to federal court on May 14, 2026, alleging federal question subject matter jurisdiction over the § 1983 claims and supplemental jurisdiction over the state law claims. (Dkt. No. 1 at 3.) Defendants subsequently filed a motion to dismiss or strike Plaintiff's complaint in its entirety. (Dkt. No. 4.)

On May 21, 2026, just 6 days after Defendants filed their motion, Plaintiff filed a "motion for leave to amend complaint to dismiss federal claims pursuant to Federal Rule of Civil Procedure 15(a)." (Dkt. No. 6.) On the docket, the motion was styled as both an "opposition/response" to Defendants' motion and a "motion for leave to amend complaint." (*See id.* (cleaned up).) Plaintiff also requested the Court decline supplemental jurisdiction and remand the case to state court. (*Id.* at 5-6.) Defendants responded by reiterating, among other things, Plaintiff's state-law claims should be dismissed because Plaintiff's motion did not address Defendant's motion's arguments regarding those claims. (Dkt. No. 11 at 1-2.)

## DISCUSSION

Defendants move to dismiss Plaintiff's complaint, whereas Plaintiff moves for leave to amend his complaint under Federal Rule of Civil Procedure 15(a)(2) to eliminate his federal claims and moves to remand the case to state court. (Dkt. Nos. 4, 6.) Federal Rule of Civil Procedure 15(a) provides "[a] party may amend its pleading once as a matter of course no later than[ …] 21 days after service of a motion under Rule 12(b), (e), or (f)," otherwise "a party may

2

United States District Court
Northern District of California

amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). Leave to amend should be "'freely given'" "[i]n the absence of […] undue delay, bad faith, [] dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party[, … and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)(2)). Here, Plaintiff sought leave to amend under Rule 15(a)(2), but at the time he filed the motion, he had the right to file an amended complaint without Defendants' consent or the Court's leave because he sought leave less than 21 days after Defendants filed their motion to dismiss. *See* Fed. R. Civ. P. 15(a)(1), (2). Accordingly, the Court grants Plaintiff's motion for leave to amend his complaint, in which he agreed his federal claims should be dismissed. (Dkt. No. 6 at 3-5.) Accordingly, only Plaintiff's state-law claims remain.

Now that Plaintiff's claims are exclusively brought under state law, the Court must remand the case under *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). There, the Supreme Court held "if, after removal, the plaintiff amends her complaint to delete all federal-law claims, leaving nothing but state-law claims behind[,]" a federal court "may not" "adjudicate the now purely state-law suit" because "[w]hen an amendment excises the federal-law claims that enabled removal, the federal court loses its supplemental jurisdiction over the related state-law claims." *Id.* at 25. Here, Defendants' removal petition alleged this Court had subject matter jurisdiction on the grounds it had federal question jurisdiction over Plaintiff's § 1983 claims and supplemental jurisdiction over Plaintiff's remaining claims. (Dkt. No. 1 at 3.) Subsequently, Plaintiff agreed to dismiss the § 1983 claims which "enabled removal" and has been given leave to file an amended complaint "leaving nothing but state-law claims behind"; consequently, this Court "loses its supplemental jurisdiction over the related state-law claims." *See Royal Canin*, 604 U.S. at 25. Remand is therefore required. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.")[3] And

---

[3] Defendant objects to Plaintiff's motion because Plaintiff did not attach a proposed amended complaint, in violation of this District's Local Rules. *See* N.D. Cal. Civ. L.R. 10-1 ("Any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference.") Although Plaintiff did not attach

because the Court no longer has subject matter jurisdiction, the Court does not adjudicate Defendants' request to dismiss Plaintiff's state-law claims. (*See* Dkt. No. 11 at 1-2.)

Further, even if *Royal Canin* did not require remand, the Court would exercise its discretion to not exercise supplemental jurisdiction of the state law claims. Given the federal claims—the only basis for removal jurisdiction—have been dismissed, the case should be remanded to state court. *See* 28 U.S.C. § 1367(c); *United Mine Workers v. Gibbs*, 393 U.S. 715, 726 (1966).

The Court also denies Plaintiff's request for attorney's fees. "We hold that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Plaintiff has not shown Defendants lacked an objectively reasonable basis for removal because Plaintiff's original complaint brought Section 1983 claims, which provided a reasonable basis for Defendants to assert federal question subject matter jurisdiction.

## CONCLUSION

As explained above, the Court grants Plaintiff's motion for leave to amend. Given only Plaintiff's state-law claims remain, the Court no longer has subject matter jurisdiction over this suit. Accordingly, the Court remands the case to the Superior Court for Contra Costa County.

This Order disposes of Docket Nos. 4, 6, and 18.

**IT IS SO ORDERED.**

Dated: July 7, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

---

a proposed amended complaint, Plaintiff's motion stated he "does not oppose dismissal of the federal causes of action previously asserted" and "is moving to dismiss the federal §1983 claims." (Dkt. No. 13 at 1, 5.) Therefore, although Plaintiff's motion did not apprise Defendants of his amended complaint's precise contours, Plaintiff's motion made clear he is no longer asserting federal claims. In other words, regardless of whether Plaintiff attached an amended complaint, "it appears that the district court lacks subject matter jurisdiction," so "the case shall be remanded." 28 U.S.C. § 1447(c).